# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

RODNEY R. RHODES,

               Plaintiff,

      v.

ROBERT LAWRENCE,

              Defendant.

Case No. 3:24-cv-00267-SLG

## SCREENING ORDER

On December 9, 2024, self-represented prisoner Rodney R. Rhodes, ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, a motion for court-appointed counsel.[1] Plaintiff alleges that Dr. Robert Lawrence, the former Chief Medical Officer for the Alaska Department of Corrections ("DOC") and unnamed DOC medical staff violated his rights by not providing him with his previously prescribed medications and by confiscating his eyeglasses when he was booked into the Mat-Su Pretrial Facility on or about March 3, 2021.[2] Plaintiff alleges that "all of the staff at all the facilities he has been housed at in the last four years" while in the custody of DOC have continued to violate his rights by failing to provide him with his medications or

---

[1] Dockets 1-4.

[2] Docket 1 at 2-3.

eyeglasses and denying him adequate review of his medical records.[3] With the Complaint, Plaintiff also filed an affidavit containing additional facts and legal arguments, and 21 pages of DOC records.[4] For relief, Plaintiff seeks an undetermined amount of monetary damages, an order requiring defendants to follow the law, and an order requiring improved staff training.[5]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Complaint does not contain sufficient facts, accepted as true, to state a plausible claim against Robert Lawrence. Additionally, Plaintiff's claims appear to be time-barred by the applicable statute of limitations. A time-barred claim may be dismissed at the screening stage when the expiration of the applicable statute of limitations "is apparent on the face of the complaint."[6] Therefore, the Complaint is DISMISSED.

However, before completely dismissing this case as time-barred, Plaintiff will first be given an opportunity to try to state a viable cause of action and to address equitable tolling, as further discussed below.[7] Therefore, Plaintiff is accorded **60**

---

[3] Docket 1 at 4 (cleaned up).

[4] Docket 6.

[5] Docket 7 at 5.

[6] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011); *Belanus v. Clark,* 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

[7] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting that dismissal on statute of limitations grounds is disfavored where matters outside the

**days** from the date of this order to file an amended complaint in which he restates his claims and addresses whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to end this case.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[8] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

      (i)     is frivolous or malicious;

      (ii)    fails to state a claim on which relief may be granted; or

      (iii)   seeks monetary relief against a defendant who is immune from such relief.[9]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[10]  However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or

---

complaint are not considered and where equitable tolling may apply).

[8] 28 U.S.C. §§ 1915, 1915A.

[9] 28 U.S.C. § 1915(e)(2)(B).

[10] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Screening Order
Page 3 of 21
Case 3:24-cv-00267-SLG    Document 10    Filed 04/08/25    Page 3 of 21

unwarranted deductions of fact.[11] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[12] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[13]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[15] If a prisoner's case is dismissed as frivolous, malicious, or for failure to state a claim and the case is closed, it will count as a "strike" under 28 U.S.C. §1915(g), which may limit a self-represented plaintiff's ability to bring future cases under Section 1983 in federal court.

---

[11] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[12] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[13] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[14] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[15] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

**DISCUSSION**

## I.     Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

Further, a federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[20] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A

---

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[18] *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[19] *Ashcroft*, 556 U.S. at 678.

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[21]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[24] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits

---

[21] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[26]   Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint [ ] name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[27] Vague and conclusory allegations of constitutional violations are not sufficient.[28] A plaintiff must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[29]

A supervisor can be held liable in his individual capacity under §1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[30]

Plaintiff must not bring claims against DOC employees generally in an amended complaint. A plaintiff may use a "Doe" defendant designation to refer to a defendants whose name is unknown; however, he must number each such Doe defendant in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person, and explain the specific action(s)

---

[26] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[27] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[28] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[29] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

[30] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Screening Order
Page 7 of 21
Case 3:24-cv-00267-SLG     Document 10     Filed 04/08/25     Page 7 of 21

each John Doe took, when that action was taken, and how that action resulted in injury or harm to Plaintiff.

Further, individuals may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action."[31] Although Plaintiff is being given an opportunity to file an amended complaint, he must not improperly combine unrelated parties or claims.

### III.    Plaintiff's Claims Regarding Access to his Medical Records

Plaintiff claims his rights were violated by all inhouse probation and medical staff on or about March 3, 2022, when he alleges he was denied access to review his DOC records. The Complaint does not include sufficient information regarding how the denial of these records at his reclassification hearing violated his rights, and to the extent Plaintiff claims he was denied due process at a hearing, such a claim does not appear to be properly joined with his medical care claim and must be brought as a separate action. Further, since the alleged denial of access to his records occurred over two years before this action was filed, any claim based on the denial of records on that date is likely time-barred. To the extent Plaintiff believes that the denial of his records contributes to his medical care claim, the

---

[31] Fed. R. Civ. P. 20(a)(2).

Case 3:24-cv-00267-SLG    Document 10    Filed 04/08/25    Page 8 of 21

Complaint does not explain how denial of access to his medical records exacerbated his injuries or otherwise violated his rights.[32] And as explained below, Plaintiff's claims of deliberate indifference in the provision of medical care to him are likely time-barred by the relevant statute of limitations.

## IV. Statute of Limitations

A statute of limitations is a law that limits the time a plaintiff has to file a case based on the date when the claim(s) accrued.[33] "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[34] They also "ensure that claims are filed before essential evidence disappears."[35] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[36] Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for

---

[32] *See, e.g., Nelson v. Deming,* 140 F.Supp.3d 248 (2015) (finding that the failure to provide medical records did not constitute deliberate indifference because it did not cause substantial harm).

[33] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("'[A]ccrual occurs when the plaintiff has a complete and present cause of action, ... that is, when the plaintiff can file suit and obtain relief.'").

[34] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[35] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[36] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

personal injury actions.[37] Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[38] In Alaska, the statute of limitations for personal injury claims is two years.[39]

## A. Claim Accrual

A federal claim accrues when a plaintiff knows, or should have known, of the injury on which the cause of action is based.[40] A claim ordinarily accrues on the date of the injury.[41] A claim of deliberate indifference to serious medical needs, including mental health and vision, accrues "when the prisoner 'knew or had reason to know of the [prison] employee's deliberate indifference to his [serious] medical needs.'"[42] "The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful,"[43] because otherwise "the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose

---

[37] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[38] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[39] Alaska Stat. § 09.10.070.

[40] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

[41] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[42] *TwoRivers v. Lewis,* 174 F. 3d 987, 992 (9th Cir. 1999).

[43] *Abramson v. University of Hawaii,* 594 F.2d 202, 209 (9th Cir. 1979).

in the sole hands of the party seeking relief."[44] Under Alaska law, a statute of limitations period is not tolled due a provider's ongoing conduct, but begins accruing on the date on which the plaintiff has enough information to recognize an alleged injury and the provider's role in causing those injuries.[45]

Plaintiff claims he has continuously been denied adequate medical care since his booking on March 3, 2021. Thus it appears Plaintiff knew or shown have known beginning on or about that date that his injury occurred, as it was on March 3, 2021 when Plaintiff alleges that he first learned that his glasses were confiscated and three of his prescription medications were discontinued. Therefore, without tolling, Plaintiff's claims are time-barred since they were filed more than 21 months after the two-year statute of limitations expired on March 3, 2023.

## B. Equitable Tolling

Alaska law allows for the equitable tolling of a statute of limitations during the time that a plaintiff is incompetent by reason of mental illness or mental disability.[46] Additionally, Alaska's doctrine of equitable tolling may apply if a plaintiff files a suit first in the wrong court and then refiles in the correct court, such that the statute of limitations will not run while the litigation was pending in the first court.[47]

---

[44] *Wallace,* 549 U.S. at 391.

[45] *See, e.g., Park v. Spayd,* 509 P.3d 1014, 1019 (Alaska 2022) (rejecting the argument that the limitations period should be tolled due to the provider's ongoing conduct and emphasizing that a plaintiff's knowledge of the injuries and the provider's alleged negligence triggered the accrual of the claim).

[46] Alaska Stat. § 09.10.140(a).

[47] *Kaiser v. Umialik Ins.,* 108 P.3d 876, 881-82 (Alaska 2005) (explaining that a statute

Case 3:24-cv-00267-SLG     Document 10     Filed 04/08/25     Page 11 of 21

Plaintiff does not allege, and seemingly did not, first file his claims against Dr. Lawrence in state court.[48] And although Plaintiff has reported mental health conditions, he has not alleged that he was mentally incompetent at any time following his booking in March 2021 so as to potentially entitle him to equitable tolling during a period of disability.[49] The "general test" for mental incompetency is "whether a person could know or understand his legal rights sufficiently well to manage his personal affairs."[50] "[T]his test does not measure whether a litigant *did* understand his or her legal rights, but whether he or she is *capable* of understanding them."[51] Plaintiff has not alleged any facts, which, if proven, would establish Plaintiff's inability to understand his legal rights; to the contrary, the record indicates that Plaintiff was able to adequately articulate his claims in his correspondence with DOC.[52] However, Plaintiff may file an amended complaint if he can plausibly allege facts, that, if proven would demonstrate that Plaintiff was

---

of limitations may be equitably tolled if (1) pursuit of the initial remedy gives the defendant notice of the plaintiff's claim, (2) the defendant's ability to gather evidence is not prejudiced by the delay, and (3) the plaintiff acted reasonably and in good faith).

[48] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[49] Alaska Stat. § 09.10.140(a) (tolling the limitations period "if a person entitled to bring an action . . . is at the time the cause of action accrues . . . incompetent by reason of mental illness or mental disability").

[50] *Cikan v. ARCO Alaska, Inc.,* 125 P.3d 335, 340 (Alaska 2005) (quoting *Adkins v. Nabors Alaska Drilling, Inc.,* 609 P.2d 15, 23 (Alaska 1980)).

[51] *Richardson v. Municipality of Anchorage,* 360 P.3d 79, 87 (Alaska 2015) (emphasis in original).

[52] *See* Docket 6-1.

incompetent by reason of mental illness or mental disability at any time since March 3, 2021 and identify all such dates that he is asserting such disability.

### C. Tolling During Exhaustion of Administrative Remedies

A prisoner must exhaust his administrative remedies through the prison's grievance procedure before he can file a lawsuit in federal court concerning prison conditions.[53] Exhaustion creates a procedural hurdle for prisoners seeking to litigate their claims in federal court, which is intended to allow the prison system to address complaints internally and take corrective action where appropriate.[54] Therefore, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."[55] However, once a prisoner has properly exhausted his administrative remedies on an issue, he is not required to file repeated grievances after every continuing harm arising from the same alleged conduct.[56] Absent "a new harm or course of conduct[,]" a federal court considers

---

[53] 42 U.S.C. § 1997e.

[54] *Fordley v. Lizarraga,* 18 F.4th 344 (9th Cir. 2021); *see* also *Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

[55] *Soto v. Sweetman,* 882 F.3d 865, 875 (9th Cir. 2018) (quoting *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005)).

[56] *Sheltra v. Christensen,* 124 F.4th 1195, 1197 (9th Cir. 2024). In *Sheltra*, the Ninth Circuit held that under the continuing-violations doctrine, "a properly exhausted prison grievance asserting 'one, continuing harm or a single course of conduct' can exhaust events arising out of the same alleged violation that occur after the grievance was made." *Id.* The *Sheltra* panel cited favorably to *Morgan v. Trierweiler*, 67 F.4th 362, 369–70 (6th Cir. 2023), in which the Sixth Circuit explained that where the plaintiff grieved that he was continuously being denied religious meals, requiring him to grieve after

Case 3:24-cv-00267-SLG    Document 10    Filed 04/08/25    Page 13 of 21

the subsequent allegations exhausted.[57] Accordingly, the statute of limitations period may only be tolled while the prisoner was actively exhausting administrative remedies and not for any time he was filing repeated grievances regarding continuing violations.

A plaintiff does not generally have to affirmatively plead exhaustion in his complaint.[58] Rather, the failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove.[59] But, in determining whether a statute of limitations should be tolled, courts must often consider information outside the pleadings.[60] Here, Plaintiff did include related grievances and Request for Interview forms, but the Court declines to determine at this juncture whether Plaintiff's claims have been properly exhausted, and if so, when that occurred. Although it is unlikely Plaintiff can show it took him over 21 months to first administratively exhaust his claims, Plaintiff is granted leave to file an amended complaint that clearly addresses the specific actions he took to first administratively exhaust his claims, identify the dates that he took all such actions, and attach or identify in the record the specific DOC records that support his allegations.

---

every individual meal denial "would be an unwarranted expectation given that [his] allegations were broader than a single meal."

[57] *Id.*

[58] *Jones v. Bock,* 549 U.S. 199 (2007).

[59] *Fordley v. Lizarraga,* 18 F.4th 344 (2021); *Jackson v. Fong*, 870 F.3d 928 (2017).

[60] *Wisenbaker v. Farwell,* 341 F. Supp. 2d 1160, 1163 (D. Nev. 2004).

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Screening Order
Page 14 of 21
Case 3:24-cv-00267-SLG    Document 10    Filed 04/08/25    Page 14 of 21

## V.     Plaintiff's Motion for Court-Appointed Counsel is DENIED

A litigant has no right to an appointed attorney in a federal civil action.[61]  Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel."  However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[62] The Court finds that on the current record, Plaintiff has not demonstrated a likelihood of success on the merits. And it appears that Plaintiff is able to adequately articulate his claims, even if those claims may be time-barred by the applicable statute of limitations.

Further, although Section 1915(e)(1) permits a court to request an attorney represent any person unable to afford counsel, the Court cannot force an attorney to accept a case. The Court can only appoint an attorney who volunteers to represent a litigant. The Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff.  For these reasons, Plaintiff's motion for court-appointed counsel at Docket 4 is **DENIED without prejudice.**

## VI.     Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[63]  Any

---

[61] *See Turner v. Rogers*, 564 U.S. 431, 441 ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[62] *Palmer,* 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

[63] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

claim not included in the amended complaint will be considered waived. However, a complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[64] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and with no paragraph number being repeated anywhere in the complaint.[65] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given an opportunity to file an amended complaint, he must not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

---

[64] Fed. Rule Civ. Proc. 8(a)(2).

[65] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## VII.    The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[66] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[67] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[68] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[69]  It cannot be triggered solely

---

[66] 28 U.S.C.A. § 1915(g).

[67] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[68] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[69] *Andrews,* 493 F.3d at 1056 (cleaned up).

by complaints of past injury or generalized fears of possible future harm.[70] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[71] When a case is dismissed because the action is time-barred, that constitutes a failure to state a claim and therefore counts as a strike.

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2.  Plaintiff is accorded **60 days** from the date of this order to file either:

a.  <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

b.  <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

---

[70] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[71] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

3.  If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form**,** the case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff.

4.  If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.

5.  Plaintiff's motion for court-appointed counsel at **Docket 4 is DENIED without prejudice.**

6.  Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[72] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

7.  Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.**

8.  Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[73] Should

---

[72] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[73] 28 U.S.C. § 1915(b)(1)&(2).

Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order for the collection of the filing fee.

9.    If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[74] Failure to comply may result in dismissal of this action.

10.    Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

11.    At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[75] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

---

[74] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[75] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

12.     With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 8th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE