# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RODNEY R. RHODES,<br><br>               Plaintiff,<br><br>     v.<br><br>DOE DEFENDANTS 1-11,<br><br>               Defendants. | Case No. 3:24-cv-00267-SLG |

## **SECOND SCREENING ORDER**

On April 8, 2025, the Court screened the Complaint filed by self-represented prisoner Rodney R. Rhodes, ("Plaintiff"), found it deficient, and accorded Plaintiff leave to file an amended complaint restating his claims and addressing whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations.[1] On May 5, 2025, Plaintiff filed a First Amended Complaint ("FAC")[2] and 22 pages of documents, including records from the Alaska Department of Corrections ("DOC"), an affidavit containing Plaintiff's legal research and arguments, and health summaries from the Anchorage Veteran's

---

[1] Docket 10.

[2] Docket 11.

Administration Medical Center.³ Plaintiff also filed a "cover letter" reiterating his claims and legal arguments.⁴

The Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Court finds that the FAC fails to state sufficient facts that, accepted as true, would establish a plausible claim for relief. Additionally, Plaintiff failed to correct the deficiencies identified in the Screening Order. Although a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint[,]"⁵ Plaintiff is accorded one final opportunity to file a Second Amended Complaint, to be filed no later than **60 days from the date of this order**.

I. **The FAC fails to state a plausible claim**

As explained in the first Screening Order, Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"⁶ Additionally, Rule 10 of the Federal Rules of Civil Procedure requires that a complaint must allege in specific terms how each named defendant caused a specific harm to a plaintiff.⁷

---

³ Docket 11-1.

⁴ Docket 12.

⁵ *City of Los Angeles v. San Pedro Boat Works,* 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989)). *See also Williams v. California,* 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile.").

⁶ Fed. R. Civ. P. 8(a)(2).

⁷ Docket 10 at 7.

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 2 of 12
Case 3:24-cv-00267-SLG    Document 13    Filed 09/12/25    Page 2 of 12

Although a court must liberally construe complaints filed by self-represented plaintiffs, it is not a court's responsibility to review filings or exhibits to identify possible claims.[8] Instead of providing the information that the Court directed the FAC to contain, Plaintiff has again submitted general statements regarding his injuries and legal arguments.

The FAC includes three sets of claims related to Plaintiff's dissatisfaction with alleged medical decisions made by eleven unnamed DOC employees beginning when Plaintiff was booked into the Mat-Su Pretrial Facility in March 2021.[9] While Plaintiff attempted to number each Doe defendant in accordance with the Screening Order, *e.g.,* "John Doe 1," "John Doe 2," he failed to comply with the Court's directive to "explain the specific action(s) each John Doe took, when that action was taken, and how that action resulted in injury or harm to Plaintiff."[10] The FAC makes only cursory and conclusory allegations against Defendants, grouping them together rather than identifying their individual conduct, *i.e.,* Claim 1 names John Doe 1 and Jane Does 2-4; Claim 2 names Jane Doe Nurses 5 and 6; Claim 3 names Jane Doe Nurses 7-11.[11]

Additionally, although Plaintiff separated his claims into three claim sections, as guided by the Court's template complaint form, the narrative under each section

---

[8] *See Johnson v. United States*, 544 U.S. 295, 296 (2005).

[9] Docket 11 at 3-5.

[10] Docket 10 at 7.

[11] Docket 11 3-5.

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 3 of 12
Case 3:24-cv-00267-SLG   Document 13   Filed 09/12/25   Page 3 of 12

describes multiple issues and legal arguments. Instead of identifying a specific date of injury, Plaintiff provides a range of dates. Specifically, in Claim 1, Plaintiff alleges that between March 3, 2021 and October 6, 2022, Plaintiff was denied his ADHD medication, testosterone injections, edema medication, and his prescription eyeglasses.[12] In Claim 2, Plaintiff alleges that between October 6, 2022 and November 5, 2023, he was continuously denied his medications and eyeglasses and his grievances were unanswered.[13] In Claim 3, Plaintiff alleges that between November 5, 2023 and April 28, 2025, he experienced the same issues as described in Claims 1 and 2, except that once he was transferred to Goose Creek Correctional Center, he was provided with both his edema medication and prescription eyeglasses that had been denied to him when he was detained at the Mat-Su Pretrial Facility and at the Cook Inlet Pre-Trial Facility.[14] Plaintiff claims he has fully exhausted his administrative remedies,[15] and asserts that the statute of limitations "should not be an issue" because he has never stopped pursuing his claims through the administrative process.[16]

Upon review, the Court finds that the FAC must be dismissed for failure to state a plausible claim for relief.[17] Additionally, Plaintiff's claims appear to be time-

---

[12] Docket 11 at 3.

[13] Docket 11 at 4.

[14] Docket 11 at 5.

[15] Docket 11 at 3, 5.

[16] Docket 11 at 3; Docket 12.

[17] *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 4 of 12
Case 3:24-cv-00267-SLG   Document 13   Filed 09/12/25   Page 4 of 12

barred, and the FAC fails to demonstrate that he qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations.[18] However, liberally construing the identified date range listed for each claim in the FAC as the dates Plaintiff was detained at each aforementioned DOC facility, the Court will grant Plaintiff leave to file a Second Amended Complaint in accordance with the guidance herein.

## II. Statute of Limitations

The statute of limitations for Plaintiff's inadequate medical care claims is two years. Because this case was filed on December 9, 2024, Plaintiff may not bring any claims related to events that occurred before December 9, 2022,[19] unless he demonstrates that he qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations.[20] As explained in the Screening Order, in Alaska, a statute of limitations period is not tolled due to a provider's ongoing conduct but begins accruing on the date on which the plaintiff has enough information to recognize an alleged injury and the provider's role in causing those

---

the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory"); *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981) (a complaint that is "verbose, confusing and conclusory" violates Rule 8).

[18] See *Johnson v. California,* 207 F.3d 650, 653 (9th Cir. 2000).

[19] *See* Docket 1.

[20] Docket 10 at 2.

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 5 of 12
Case 3:24-cv-00267-SLG   Document 13   Filed 09/12/25   Page 5 of 12

injuries.[21] If the alleged events occurring over "the past four years"[22] are viewed as a single, continuous course of treatment by DOC providers that began in 2021, then all of Plaintiff's claims would be barred by the statute of limitations. However, a later denial of medication upon transfer to a new facility may constitute a separate, discrete act triggering a new statute of limitations period against the employees of that facility.[23] Importantly, however, a new denial does not revive or extend the statute of limitations for an earlier, time-barred denial.[24]

### III. Tolling a Statute of Limitations During Exhaustion of Administrative Remedies

While Plaintiff does include some DOC records from 2024, he does not include any documentation or explanation regarding any efforts to exhaust his administrative remedies prior to 2024. Despite Plaintiff's contentions, he has not demonstrated that he properly exhausted his administrative remedies.[25]

---

[21] *See, e.g., Park v. Spayd,* 509 P.3d 1014, 1019 (Alaska 2022) (rejecting the argument that the limitations period should be tolled due to the provider's ongoing conduct and emphasizing that a plaintiff's knowledge of the injuries and the provider's alleged negligence triggered the accrual of the claim).

[22] Docket 11 at 3, 4; Docket 11-1 at 5; Docket 12 at 2.

[23] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (holding that " 'discrete ... acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges' because '[e]ach discrete ... act starts a new clock for filing charges alleging that act."). *See also Pouncil v. Tilton*, 704 F.3d 568, 581 (9th Cir. 2012) (contrasting a time-barred "delayed, but inevitable, consequence" of a prior decision, with a later timely "independently wrongful, discrete act" beginning "the running of the statute of limitations anew").

[24] *See Knox v. Davis,* 260 F.3d 1009, 1013-1014 (9th Cir. 2001) (holding that the mere continuing impact from past violations is not actionable under the continuing violation doctrine, after concluding that subsequent denials were merely a continuing effect, not new violations).

[25] *Cf. Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001), amended by

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 6 of 12
Case 3:24-cv-00267-SLG    Document 13    Filed 09/12/25    Page 6 of 12

Specifically, on July 12, 2024, the Facility Standards Officer screened Plaintiff's grievance and found it deficient because "the incident date listed is March 2, 2021, well beyond the 30 days allowed by policy[,"] and because the "grievance raises unrelated issues that should be presented in separate grievances."[26] In a letter dated August 22, 2024, the DOC Standards Administrator informed Plaintiff that he could not find a valid record of any grievances that Plaintiff had filed within the allowable time frame to file an appeal.[27] On November 4, 2024, the DOC Medical Advisory Committee issued a memorandum notifying Plaintiff that the committee had reviewed his grievance regarding "multiple years of dissatisfaction with multiple medical decisions."[28] The Committee explained that DOC's "grievance process is to grieve a specific medical concern and not years of medical concerns . . ." and instructed Plaintiff to file his specific medical concerns to the provider at his facility.[29]

A statute of limitations period can only be tolled during the time a prisoner was actively exhausting his mandatory administrative remedies; a prisoner cannot indefinitely extend the statute of limitations deadline for his claims or revive a time-

---

275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims.").

[26] Docket 11-1 at 18.

[27] Docket 11-1 at 1.

[28] Docket 11-1 at 3.

[29] Docket 11-1 at 3.

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 7 of 12
Case 3:24-cv-00267-SLG   Document 13   Filed 09/12/25   Page 7 of 12

barred claim by serially pursuing administrative remedies.[30] Rather, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."[31] A plaintiff is not required to include every name or legal theory in grievances unless the prison's grievance rules require it, but a grievance must "alert the prison to the nature of the wrong for which redress is sought"[32] in order to provide prison officials a fair opportunity to correct their own errors and develop an administrative record supporting the prison's decision.[33] The filing of an untimely grievance or appeal is not proper exhaustion, as it does not enable a prison to reach the merits of prisoner's complaints.[34]

According to the attached DOC records from 2024, Plaintiff filed untimely grievances regarding his medical concerns, and he did not provide sufficient information "to allow prison officials to take appropriate responsive measures."[35]

---

[30] *Soto v. Sweetman*, 882 F.3d 865, 871–75 (9th Cir. 2018). *See also Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005) (agreeing with the uniform holdings of the other circuits requiring the applicable statute of limitations to be tolled while a prisoner completes the mandatory exhaustion process).

422 F.3d at 943 (tolling applies only while completing mandatory exhaustion)."

[31] *Harvey v. Jordan,* 605 F.3d 681, 683 (9th Cir. 2010) (*quoting Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009)). *See also Woodford,* 548 U.S. 81 (2006) (holding that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules.").

[32] *Griffin v. Arpaio,* 557 F.3d 1117, 1120 (9th Cir. 2009).

[33] *Reyes v. Smith*, 810 F.3d 654, 657 (9th Cir. 2016).

[34] *Woodford,* 548 U.S. at 83-84.

[35] *Griffin v. Arpaio,* 557 F.3d 1117, 1120, 1121 (9th Cir.2009) (quotation marks omitted).

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 8 of 12
Case 3:24-cv-00267-SLG   Document 13   Filed 09/12/25   Page 8 of 12

The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal,"[36] and Plaintiff cannot revive a time-barred claim by filing grievances including both new and old claims. For these reasons, the FAC fails to demonstrate that the statute of limitations should be tolled on any of his claims.[37]

Although it is understandable why Plaintiff seeks to bring all his claims in this case, the two-year statute of limitations has clearly run on Plaintiff's claims stemming from the alleged events that occurred in 2021, over three years before this case was filed. Plaintiff was aware of the alleged events at that time, and the FAC fails to demonstrate that he qualifies for equitable tolling or any other grounds sufficient to overcome the applicable statute of limitations.[38] Therefore, Claim 1 must be dismissed with prejudice. However, Plaintiff may file an amended complaint as to Claims 2 and 3 in accordance with the information provided in this order.

### IV. Filing an amended complaint

An amended complaint replaces the prior complaint in its entirety.[39] When an amended complaint is filed, the Court treats any previous complaint(s) as non-

---

[36] Woodford v. Ngo, 548 U.S. 81, 84 (2006).

[37] See *Johnson v. California,* 207 F.3d 650, 653 (9th Cir. 2000).

[38] See *Johnson v. California,* 207 F.3d 650, 653 (9th Cir. 2000).

[39] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 9 of 12
Case 3:24-cv-00267-SLG   Document 13   Filed 09/12/25   Page 9 of 12

existent,[40] so a plaintiff must not incorporate by reference any prior pleading, including exhibits.[41] Although Plaintiff is being given an opportunity to file an amended complaint, he must not expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

Plaintiff must not bring any time-barred claims, including discussions of any ongoing complications in an amended complaint. Rather, in an amended complaint, Plaintiff must specify the dates he was transferred to each facility, when he first requested and was denied his medications at that facility, and who denied his requests. He must also clearly address the specific actions he took to administratively exhaust his claims at each facility, identify the dates that he took all such actions, and clearly explain any barriers he faced in attempting to file grievances. If Plaintiff chooses to attach DOC records or other documents to support his allegations, all his information must be included in the amended complaint itself, and he must specifically identify in the amended complaint the page number of the document that supports each of his contentions.

If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice

---

[40] *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (en banc).

[41] District of Alaska Local Civil Rule 15.1.

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 10 of 12
Case 3:24-cv-00267-SLG    Document 13    Filed 09/12/25    Page 10 of 12

to Plaintiff for failure to state a claim. If an amended complaint is dismissed as frivolous, malicious, or for failure to state a claim, and the case is closed, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[42]

## V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[43] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[44] When a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[45] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[46] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[47] In

---

[42] *Spencer v. Barajas*, 140 F.4th 1061 (9th Cir. 2025).

[43] 28 U.S.C. § 1915(g).

[44] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[45] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[46] *Andrews,* 493 F.3d at 1056 (cleaned up).

[47] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 11 of 12
Case 3:24-cv-00267-SLG     Document 13     Filed 09/12/25     Page 11 of 12

addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[48]

IT IS THEREFORE ORDERED:

1. Plaintiff's First Amended Complaint at **Docket 11 is DISMISSED.** Claim 1 is DISMISSED with prejudice. Claims 2 and 3 are DISMISSED with leave to amend.

2. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal **within 60 days** from the date of this order, this case shall be dismissed as a "strike" without further notice to Plaintiff.

3. With this order, the Clerk is directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) one copy of the Court's Screening Order at Docket 10.

DATED this 12th day of September, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

the danger existed at the time the prisoner filed the complaint.").

[48] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Second Screening Order
Page 12 of 12
Case 3:24-cv-00267-SLG    Document 13    Filed 09/12/25    Page 12 of 12