# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

RODNEY R. RHODES,

                Plaintiff,

      v.

DOE DEFENDANTS 1-11,

                Defendants.

Case No. 3:24-cv-00267-SLG

## <u>ORDER</u>

On September 12, 2025, the Court screened the First Amended Complaint filed in this case by self-represented prisoner Rodney R. Rhodes ("Plaintiff"), found it deficient, but granted Plaintiff leave to file a Second Amended Complaint or a Notice of Voluntary Dismissal.[1] The Court warned Plaintiff that failure to file either document with the Court within 60 days of the Court's Second Screening Order would result in dismissal of this case as a "strike" without further notice to Plaintiff.[2] Plaintiff did not file a Second Amended Complaint or Notice of Voluntary Dismissal within 60 days. However, on November 5, 2025, Plaintiff filed a motion requesting court-appointed counsel at Docket 14. And at Docket 15, he filed another document regarding his request for court-appointed counsel.

---

[1] Docket 13.

[2] Docket 13 at 12.

There is no constitutional right to appointed counsel in a civil action.[3] A federal court "may request an attorney to represent any person unable to afford counsel."[4] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[5] When determining whether "exceptional circumstances" exist, a court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved.[6]

For the reasons set forth in the two screening orders previously issued in this case,[7] Plaintiff has not demonstrated a likelihood of success on the merits. Additionally, it appears that Plaintiff is able to adequately articulate his claims, even if those claims may not be viable in a federal action under 42 U.S.C. § 1983. Further, although 28 U.S.C. § 1915(e)(1) permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff. For these reasons, Plaintiff's motion for court-appointed counsel at Docket 14 is **DENIED without prejudice.**

---

[3] *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[4] 28 U.S.C. § 1915(e)(1).

[5] *Aldabe v. Aldabe,* 616 F.2d 1089, 1093 (9th Cir.1980).

[6] *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (quoting *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983)).

[7] Dockets 10, 13.

The deadline for Plaintiff to file a Second Amended Complaint has passed. But Plaintiff has demonstrated his interest in continuing to proceed with this action. Therefore, Plaintiff is accorded **30 days** from the date of this order to file a Second Amended Complaint pursuant to the Court's Second Screening Order at Docket 13, a copy of which is included. Although Plaintiff is being given an opportunity to file a Second Amended Complaint, he must not expand the scope of the case by alleging new unrelated parties or claims.

## The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[8] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[9] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[10] Imminent

---

[8] 28 U.S.C.A. § 1915(g).

[9] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[10] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Order
Page 3 of 4
Case 3:24-cv-00267-SLG    Document 16    Filed 12/22/25    Page 3 of 4

danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[11] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[12]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's motion for court appointed counsel at Docket 14 is **DENIED without prejudice.**

2. If Plaintiff does not file either a Second Amended Complaint or Notice of Voluntary Dismissal **within 30 days** from the date of this order, this case shall be dismissed as a "strike" without further notice to Plaintiff.

3. With this order, the Clerk is directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) one copy of the Court's Second Screening Order at Docket 13.

DATED this 22nd day of December 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[11] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[12] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:24-cv-00267-SLG, *Rhodes v. Lawrence*
Order
Page 4 of 4